Cook, J.,
delivered the opinion of the Court.
In these cases, the counsel for the appellees moved to dismiss the appeals, because it appears on the face of the record that the affidavits were made and the recognizances acknowledged on behalf of the appellants, by agents. The only statutory provision in force requiring an affidavit in such case, allows the affidavit to be made by the party appealing, or his agent; and' the section (54 page, 261 of the Digest,) provides that the inferior Court shall require of the appellant a recognizance, with one or more sureties, conditioned as therein provided. This provision should receive such construction as may be best calculated to do justice to the respective subjects of it. The appellees here insist on a construction which would not, in any manner, advance then- interest, (inasmuch as the judgment binds the appellant as extensively and effectually as a recognizance could possibly do,) but which would very much embarass the remedy of the appellant. The statute does not expressly require the appellant to be a party in the recognizance; and if it did, it would afford no additional security to the appellee. To require it, then, would be giving a construction to the statute, which, even in terms, would be at least nugatory; but when we construe the statute to require the inferior Court to take a recognizance of one or more sureties, the remedy of the appellant is not embarrassed, while the interest of the appellee is as effectually secured as if the appellant were himself a party in the recognizance. In these cases, the Court consider the recognizance of the sureties as effectual and binding on them, as if the appellants had not been named in them.
The motions must, therefore, be overruled.